Curtis **NOBLE, et al., Plaintiffs,**

v.

**CUMBERLAND RIVER COAL COMPANY, d/b/a Arch on the North Fork, Inc., et al., Defendants.**

Civil Action No. 96–323.

United States District Court, E.D. Kentucky.

Nov. 12, 1998.

E. Douglas Richards, Lexington, KY, Robert H. Cornett, Hogg, Cornett & Turner, Jackson, for Plaintiffs.

P. Douglas Barr, Stoll, Keenon & Park, L.L.P., Lexington, KY, for Defendants.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

The Court will construe the parties' memorandums regarding the fiduciary duty issue as cross-motions for partial summary judgment [Record Nos. 38, 43, 50 & 61]. This matter is now ripe for decision.

Plaintiffs were participants in an ERISA plan while they were employed by Arch on the North Fork ("AONF"). The life insurance feature of the plan was funded by a group life insurance policy which was carried by Aetna Life Insurance Company ("Aetna"). The plan administrator was an entity known as the Administrative Committee of Falcon Coal Company, Inc. The life insurance policy provided that participants who became disabled under certain circumstances could continue their life insurance coverage without having to pay a premium. Plaintiffs state that because they failed to notify the insurance carrier of their disabilities within one year of their onset, they failed to meet all the requirements needed to qualify for the benefit.

Plaintiffs, however, contend that their former employer, AONF, had a fiduciary obligation to provide timely notice of their alleged disabilities to the insurance carrier and that AONF breached said obligation by failing to do so. Additionally, plaintiffs claim that AONF had a fiduciary obligation to provide each of them with adequate notice that they had one year to notify the carrier, but once again, AONF failed to do so.

■ In determining whether AONF owed the plaintiffs a fiduciary duty, the Court notes ERISA's definition of fiduciary duty:

[A] person is a fiduciary with respect to a plan to the extent ... (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). The grant and exercise of discretion is the key to fiduciary status in respect to the administration of the plan. *See Flacche v. Sun Life,* 958 F.2d 730 (6th Cir.1992).

Additionally, 29 C.F.R. § 2509.75–8 further explains the statutory definition of fiduciary. The regulation states that persons who engage in the following activities in regard to the plan are not fiduciaries:

(1) Application of rules determining eligibility for participation or benefits;

(2) Calculation of services and compensation credits for benefits;

(3) Preparation of employee communications material;

(4) Maintenance of participants' service and employment records;

(5) Preparation of reports required by government agencies;

(6) Calculation of benefits;

(7) Orientation of new participants and advising participants of their rights and options under the plan;

(8) Collection of contributions and application of contributions as provided in the plan;

(9) Preparation of reports concerning participants' benefits;

(10) Processing of claims; and

(11) Making recommendations to others for decisions with respect to plan administration.

The regulation goes on to state the following:

Only persons who perform one or more of the functions described in section 3(21)(A) of the Act with respect to an employee benefit plan are fiduciaries. Therefore, a person who performs purely ministerial functions such as the types described above for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary because such person does not have discretionary authority . . . .

See 29 C.F.R. § 2509.75–8.

The plaintiffs assert that AONF is a fiduciary on account of the following reasons:

(1) the Summary Plan Description ("SPD") states that participants should notify their employer immediately if they become disabled; (2) AONF was supposedly a "gatekeeper" in that it had meetings with successful applicants for disability retirement benefits; (3) AONF maintained application forms for the various benefits; (4) AONF mailed certain letters to its employees; (5) AONF provided funding for the trust;[1] and (6) AONF periodically provided lists of plan participants to Aetna.[2] None of the above-mentioned activities, however, involve the exercise of discretion in respect to the administration of the plan.[3]

Under ERISA, it is the obligation of the plan administrator to prepare and disseminate the SPD. See 29 U.S.C. § 1024(b). In this case, the Committee was the plan administrator, and it prepared and distributed the SPD to the participants. In the SPD, the Committee stated that participants should notify their employer immediately if they believe they were disabled for purposes of the premium waiver benefit. The plaintiffs claim that they all did so.[4] Even if all the plaintiffs notified AONF, the receipt and passing along (or processing) information does not make one a fiduciary. See 29 C.F.R. § 2509.75–8(10).

The Committee used an AONF employee named Debbie Sheffel to assist in performing some of the clerical functions as well as communicating with participants.[5] The Committee, however, did not in the SPD, or anywhere else, confer upon Ms. Sheffel or AONF any discretionary authority concerning the administration of the plan. In fact, AONF was powerless in regard to determin-

---

**1.** The Court notes that the plaintiffs' allegation that AONF self-insured the group life insurance plan is meritless. There is absolutely no support for this assertion. In fact, AONF never self-insured a life insurance plan. See Affidavit of Sharon Brewer.

**2.** This allegation is disputed.

**3.** The Court notes that there is no express delegation of fiduciary duties to AONF by the Committee. See 29 U.S.C. § 1105(c); Rodriguez–Abreu v. Chase Manhattan Bank, 986 F.2d 580 (1st Cir. 1993). Although the plaintiffs argue that the collective bargaining agreement delegates fidu-

ciary duties to AONF, the plan document, itself, must expressly provide for the delegation of duties. The 1988 agreement is not the plan and cannot delegate duties to AONF. Additionally, the language of the 1988 agreement does not specify that AONF should exercise any discretion with regard to the plan. Finally, the plan instrument does not expressly provide procedures for the delegation of fiduciary duties.

**4.** AONF disputes this allegation.

**5.** The Committee used Ms. Sheffel to perform ministerial tasks.

ing whether a participant was eligible for the benefit; this discretion remained with the Committee.[6] Finally, as noted earlier, the mere receipt of claims information on behalf of the Committee, which is the function that the SPD assigned to AONF, is equivalent to the "process[ing] of claims" in the above-noted regulation. 29 C.F.R. § 2509.75–8(10).

Next, the plaintiffs assert that Ms. Sheffel's communications, via the mail, is evidence of AONF's fiduciary obligation. The first piece of correspondence in issue is a COBRA notification. See Plaintiffs' brief, Exh. A. It is the plan administrator's obligation to provide COBRA notifications, and in this case, the letter appears to have been prepared by Ms. Sheffel on behalf of the Committee. The other letter notified an employee of the termination of his employment and accurately informed the terminated employee of the insurance coverage which would remain in effect. The letter, however, did not attempt to list, describe, or characterize the employee's rights under the various policies or under the plan.[7] As noted earlier, the mere preparation of employee communication material does not render one a fiduciary, and this case is no different. See 29 C.F.R. § 2509.75–8(3).[8]

■ Moving on to the next issue, the plaintiffs allege that AONF provided misleading information about the premium waiver benefit by talking about benefits generally and about their life insurance coverage specifically but without explaining the eligibility requirements for the premium waiver. Additionally, plaintiffs assert that AONF knew that they purported to be disabled and that this knowledge obligated AONF to inform them that they might be eligible for the premium waiver.

As noted earlier, AONF was not the plan administrator or otherwise a fiduciary, and hence, all of the authorities cited by plaintiffs concerning duties to disclose are inapposite. Furthermore, there is no evidence that any of the plaintiffs made an inquiry about the premium waiver benefit. Therefore, even if AONF was a fiduciary, it had no obligation to tell the plaintiffs about the eligibility requirements of something in which they had not inquired. Moreover, even if the plaintiffs had made inquiries regarding life insurance benefits, neither AONF or the Committee would have had reason to believe that plaintiffs met the requirements and were entitled to the premium waiver benefits they now seek.[9]

■ The plaintiffs also state that AONF is a fiduciary because Ms. Sheffel held a meeting with successful applicants for disability retirement benefits. Apparently, Ms. Sheffel met with some participants who were found to be disabled by the Committee and explained the benefits to them. Merely advising participants of their rights under the plan is a ministerial function and does not make one a fiduciary. See 29 C.F.R. § 2509.75–8(7).[10]

■ Plaintiffs further contend that AONF was the sole possessor of the application forms for the various benefits. The plaintiffs, however, have failed to prove that any one of them requested an application from AONF.[11] Even if the plaintiffs' allega-

---

**6.** There is absolutely no evidence or support for the proposition that AONF determined who was eligible for the premium benefit waiver.

**7.** This certainly was not an exercise of any discretionary authority.

**8.** The Court finds that *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), is distinguishable because the employer was the plan administrator.

**9.** The mine was being shut down permanently. See Defendants' brief, pp. 14–15. Finally, the plaintiffs' put forward the affidavit of Zane Watts. The problem, however, is that Watts's affidavit does nothing in the way of proving that AONF exercised discretion and was a fiduciary;

it just states that Watts does not recall the Committee ever exercising any discretion.

**10.** It should also be noted that there is no proof in the record that the plaintiffs knew that Ms. Sheffel was conducting any meetings. Thus, plaintiffs cannot rely upon these alleged meetings to show that AONF acted like a fiduciary with respect to each of the plaintiffs' claims.

**11.** There is no proof in the record that the plaintiffs knew that AONF was the sole possessor of the application forms, and AONF denies this allegation. Additionally, the fact that AONF might have had knowledge that some of the plaintiffs had filed for workers compensation benefits is not the equivalent of an inquiry.

tions are true, the mere possession of application forms for the premium benefit waiver is part of the nondiscretionary claims processing function which is specifically listed as a ministerial task. 29 C.F.R. § 2509.75–8(10).

■ The plaintiffs also assert that AONF acted like a fiduciary by funding the plan [12] through contributions to the trust and calculating the premium payable [13] by the trust to Aetna. The Court, however, fails to see how the above assertions have anything to do with whether AONF exercised discretion as to the administration of the plan. Hence, these arguments are meritless.[14]

■ Plaintiffs further allege that AONF assumed a duty to report to Aetna those employees who were no longer eligible to participate in the plan because AONF allegedly provided lists of plan participants to Aetna. For example, plaintiffs state that AONF decided when an employee, who had missed work for sickness or injury, stopped participating in the plan. There, however, is no discretion under the plan as to when participation terminates; this alone refutes the plaintiffs' allegation. *See* Art. III.[15]

In summary, the Committee was the plan administrator, not AONF. AONF was not designated as a fiduciary in regard to the administration of the plan and did not have, nor exercised, any discretionary authority.[16] As to Ms. Sheffel, she performed some non-discretionary ministerial acts on behalf of the Committee, but this is clearly not enough to make AONF a fiduciary. *See Taylor v. Peoples Natural Gas*, 49 F.3d 982 (3rd Cir. 1995).[17] Because there is no evidence that either AONF or Ms. Sheffel exercised any discretion as to the administration of the plan, AONF must be granted summary judgment on the fiduciary duty issue.[18] Accordingly,

**IT IS ORDERED:**

(1) That defendants' construed motion for partial summary judgment on the fiduciary duty issue be, and the same hereby is, **GRANTED**;

(2) That plaintiffs' construed motion for partial summary judgment on the fiduciary duty issue be, and the same hereby is, **DENIED**; and

(3) That the parties will have 10 days from the entry of this Memorandum Opinion and Order to advise the Court as to what, if anything, is left to be decided in this case.

---

**12.** There was no discretion as to the amount or timing of the contributions.

**13.** The act of computing the premium is a ministerial task and involves no discretion.

**14.** Throughout the plaintiffs' pleadings on this issue, they have made some unfounded and conclusory statements that AONF exercised discretion in respect to the plan. Because there is no citations to the record and no support for these charges, the Court is forced to disregard them as optimistic rhetoric.

**15.** At most, AONF applied the rules for determining eligibility for participation in the plan which is a ministerial task. *See* 29 C.F.R. § 2509.75–8(1).

**16.** The cases upon which the plaintiffs rely can be distinguished on two factors: (1) a plan participant made an inquiry about benefits; and (2) the inquiry was made to a person or entity which was a plan fiduciary for purposes of administering the plan.

**17.** The reasoning in this case is very sound and persuasive.

**18.** Although the plaintiffs have made some general arguments, they have not shown one instance where AONF exercised discretionary authority with respect to the administration of the plan. If such an instance exists, it is not in the record.